**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**JAMES A.R. JONES,**

      **Plaintiff,**

      **v.**

**ALEX LAPE,** *et al.*,

      **Defendants.**

                  **Case Number 2:25-cv-1502**
                  **Judge Edmund A. Sargus, Jr.**
                  **Magistrate Judge Stephanie K. Bowman**

## ORDER

This matter is before the Court on the Order and Report and Recommendations issued by the Magistrate Judge on May 27, 2026. (ECF No. 10.) After reviewing Plaintiff James A.R. Jones's Second Amended Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, the Magistrate Judge concluded that Plaintiff may proceed on some claims at this time, but recommended that others be dismissed. (*Id.* PageID 143–44.)

Plaintiff, an Ohio inmate proceeding *pro se* and *in forma pauperis*, brings this civil rights lawsuit under 42 U.S.C. § 1983. (ECF Nos. 4, 11.) Plaintiff alleges that he was illegally seized without a warrant or probable cause by deputies and detectives of the Fairfield County Sheriff's Office, involuntarily transported to the Fairfield County Sheriff's Office for questioning, booked into the Fairfield County Jail on false charges, held overnight, and then transported to the Zanesville City Jail without a warrant. (ECF No. 11, PageID 160, 163–65.)

After conducting an initial screen, the Magistrate Judge concluded that, at this stage of the proceedings, Plaintiff may proceed to further develop his Fourth Amendment and state-law intentional infliction of emotional distress claims against the following Defendants: Fairfield County Sheriff Alex Lape, John Doe booking staff with Fairfield County Jail, Fairfield County

Detective Shawn Meloy, Fairfield County John Doe Deputy Sheriff(s), and Zanesville Police Detectives Chris Andrews and John McElhaney. (ECF No. 10, PageID 143, 149, 155.) The Magistrate Judge recommended, however, that the Court dismiss Plaintiff's remaining claims at this preliminary stage. (*Id.* PageID 143, 150, 157.)

Once a magistrate judge issues a report and recommendation, the relevant statute provides:

> Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.

28 U.S.C. § 636(b)(1). The failure to file written objections to a magistrate judge's report and recommendation waives a *de novo* determination by the district court of any issues addressed in the report and recommendation. *See United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981).

Plaintiff was advised of his right to object to the Order and Report and Recommendations and of the consequences of failing to do so. (ECF No. 10, PageID 157–58.) Plaintiff did not object to the Order and Report and Recommendations.

Accordingly, the Court **ADOPTS** and **AFFIRMS** (ECF No. 10) the Magistrate Judge's Order and Report and Recommendations.

The Court **DISMISSES without prejudice** the following claims: Plaintiff's Fourteenth Amendment due process claims against all Defendants; Plaintiff's failure to investigate claims against Defendant Lape, in his role as Fairfield County Sheriff; Plaintiff's Fourth Amendment claims against Defendant DeMint; and Plaintiff's state-law intentional infliction of emotional distress claim against Defendant DeMint.

2

The Court **DISMISSES** Defendant DeMint as a defendant in this action because no claims against him remain. The Clerk is **DIRECTED** to terminate Defendant DeMint from this case.

This case remains open.

**IT IS SO ORDERED.**

**6/30/2026**
**DATE**

**s/Edmund A. Sargus, Jr.**
**EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT JUDGE**